**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

**MAXAMILIA FLORES,** individually and on behalf of all others similarly situated

    Plaintiff,

v.

**WAX SPA, LLC**, a Florida limited liability company, and
**BORIS KOBRINSKY**, individually,

    Defendants.

## COMPLAINT

COMES NOW, the Plaintiff, MAXAMILIA FLORES (hereinafter as "Plaintiff"), on behalf of himself and those similarly situated, by and through the undersigned counsel and hereby brings this action against Defendants, WAX SPA, LLC (hereinafter referred to as "WAX SPA"), and BORIS KOBRINSKY, individually (collectively as "Defendants"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA"). Plaintiff seeks unpaid wages, liquidated damages or pre-judgment interest, post-judgment interest, reasonable attorney's fee and costs from Defendants. Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly employed by Defendants or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* The Court has jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida as the unlawful practices alleged herein took place in Miami-Dade County, Florida, and the Defendant is a Florida corporation who transacts business in Miami-Dade County, Florida, and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, MAXAMILIA FLORES, is an individual residing in the County of Miami-Dade, State of Florida. Plaintiff became employed and hired by Defendants on or about January 24, 2014, and worked for Defendant as a "Receptionist".

4. At all times material, Plaintiff, MAXAMILIA FLORES, was an employee of Defendants within the meaning of the FLSA.

5. The Defendant, WAX SPA, is a limited liability company formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

6. At all times relevant, the Defendant, BORIS KOBRINSKY, was an individual resident of the State of Florida, who owned and operated WAX SPA, where Plaintiff was employed, and was responsible for the supervision of the Plaintiff. Defendant BORIS KOBRINSKY

acted and acts directly in the interests of WAX SPA in relation to its employees, and thus, Defendant BORIS KOBRINSKY was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

7. Plaintiff was an employee of Defendants and at all time relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

8. Throughout Plaintiff's employment with Defendants, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

9. At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendants having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA.

10. At all times material, Plaintiff regularly was engaged in commerce or the production of goods for commerce.

11. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs, are in the possession and custody of Defendants.

## COUNT I
## FEDERAL MINIMUM WAGE

12. Plaintiff, MAXAMILIA FLORES, realleges and incorporates herein the allegations contained in paragraphs 1-11.

13. The Defendants willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate the Plaintiff at a rate equal to the federal minimum wage

requirement for work performed while employed by Defendants.

WHEREFORE, Plaintiff, MAXAMILIA FLORES, demands judgment against the Defendants, jointly and severally, for the following:

(a) Unpaid minimum wages found to be due and owing;

(b) An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and

(e) Such other relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

14. Plaintiff demands a jury trial on all issues so triable.

DATED: March 21, 2014

MILITZOK & LEVY, P.A.
*Attorneys for Plaintiff*
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 - Telephone
(954) 241-6857 – Facsimile
bjm@mllawfl.com

By: /s/ Brian Militzok
BRIAN J. MILITZOK, ESQ
Fla. Bar No.: 0069993